IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY GENE BUCK, #1068144,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:11-CV-3021-N (BK) |
| | § | |
| **RICK THALER, Director,** | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I.  BACKGROUND**

Instead of filing a *federal* habeas corpus petition under 28 U.S.C. § 2254, Petitioner submitted a *state* habeas petition, under Art. 11.07 of the Texas Code of Criminal Procedure. (Doc. 2.) On November 7, 2011, the Court issued a deficiency order directing Petitioner to advise the Court no later than December 5, 2011, if he sought to proceed in state or federal court. (Doc. 3.)  In the event Petitioner sought to proceed in federal court, the order required Petitioner to submit his petition on the federal habeas form along with a motion to proceed *in forma pauperis* and a proper certificate of inmate trust account. (Doc. 3.) On November 17, 2011, in response to Petitioner's notice of address change, the Court mailed the deficiency order to his new address. As of the filing of this recommendation, however, Petitioner has not submitted a

federal habeas petition or a motion to proceed *in forma pauperis*.[1]

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

**SIGNED** December 22, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Petitioner responded to the deficiency order issued in *Buck v. City of Venus*, 3:11-CV-3039-L (N.D. Tex. 2011) (referred to Magistrate Judge for screening).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE